# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK RICHARD,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No. 08-CV-0228-MJR |
| **STATE FARM FIRE & CASUALTY COMPANY,** | ) ) ) ) |
| **Defendant.** | ) ) |

## ORDER

**REAGAN, District Judge:**

On January 30, 2008, Plaintiff filed the above-captioned action in the Circuit Court of St. Clair County, Illinois (Doc. 4-3). On March 26, 2008, Defendant removed the case to this Federal District Court (Doc. 4). On that date, Defendant also filed a motion to dismiss Count 3 of the complaint (Doc. 7) and a motion for a more definite statement with respect to Count 3 (Doc. 9).

> **FEDERAL RULE OF CIVIL PROCEDURE 12(e)** provides:
>
> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Additionally, **FEDERAL RULE OF CIVIL PROCEDURE 8** requires a "short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought . . ." Plaintiff need not present all of the factual background of the case but need only provide enough information to put a defendant on notice of what he or she is being sued over.

Defendant attacks Count 3 of the complaint on the grounds that Plaintiff has failed to provide fair notice of the claim and the grounds upon which it rests, such that Defendant cannot

properly answer the allegations therein or determine whether it has any available defenses to the claim. Specifically, Defendant argues that Plaintiff fails to state what statutory authority entitles him to relief. Additionally, Defendant argues that Plaintiff only vaguely references racial discrimination with respect to his insurance policy and provides no further grounds in support of his allegation.

The Court disagrees that Count 3 is too vague for Defendant to formulate a proper response at this time. It is clear from Defendant's notice of removal and the instant motions that Defendant understands that Count 3 alleges racial discrimination against Plaintiff in violation of federal law. As such, the Court deems the complaint sufficient to provide Defendant with notice of the claim and allegations in support. Consequently, the Court denies the motion to dismiss and the motion for more definite statement.

However, now that this action has been removed to federal court, amendment of the complaint might benefit the parties and the Court. Additionally, requiring the Plaintiff to file an amended complaint at this stage of the litigation would do no harm. As such, the Court directs Plaintiff to file an amended complaint setting forth the statutory or legal basis for each count.

Accordingly, the Court **DENIES** Defendant's motion to dismiss (Doc. 7), and **DENIES** Defendant's motion for a more definite statement (Doc. 9).

Additionally, the Court **DIRECTS** Plaintiff to file a FIRST AMENDED COMPLAINT setting forth the statutory or legal basis for each count and sequentially renumbering each count with Arabic numbers (Counts 1, 2, and 3) as opposed to the oft-confusing Roman numerals. The amended complaint shall be filed **no later than April 14, 2008.**

**IT IS SO ORDERED.**

DATED this 28th day of March 2008.

                                          **s/ Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**